THE STATE v. WINGFIELD, *Appellant.*

Division Two, May 2, 1893.

1. **Personal Property:** SALE. A sale of personal property is the transfer of the absolute or general property therein for a price in money.

2. ———: ———: DELIVERY TO CARRIER: PASSING OF TITLE. Where goods have been delivered to a common carrier for transportation to the purchaser the delivery to the carrier will, as a general rule, pass the title to the purchaser.

3. ———: ———: ———: ———. The foregoing is true, it seems, although the purchase money is subsequently collected by the vendor or his agent at the place from which the goods were ordered.

4. ———: ———: ———: ———. A different rule, however, obtains where the purchase money does not accompany the order and by direction of the vendor the goods are not to be delivered until the purchase money is paid; the sale in the latter case not being complete until the conditions are complied with, and this would be at the place of the destination of the goods.

5. **Criminal Law:** LOCAL OPTION LAW: ILLEGAL SALE OF BEER: DRAM-SHOP. Defendant, in a city which had adopted the local option law, informed persons that they could order beer from a dealer in another city and gave them blank orders which they filled out, signed and gave to him to forward. The orders directed the dealer to send them the beer in care of defendant; it was shipped to defendant, who delivered it, part at a time, receiving payment for such part as he delivered. *Held*, that if the beer was shipped to defendant as the agent of the persons ordering it, he was not guilty of violating the local option law; but if it was shipped to defendant as the agent of the dealer, only to be delivered to those ordering it on the payment of the purchase money, and any part of it was removed and payment made to defendant therefor in the local option city, then both he and the dealer were guilty of violating the law.

The State v. Wingfield.

6. ———: ———: ———: INSTRUCTION. An instruction for the state, that, if defendant received the orders and forwarded them to the dealer and the beer was sent to defendant thereunder, and if he delivered it in the local option city to the persons from whom he had taken the orders and collected the money for himself or for the dealer, he was guilty, was erroneous.

7. ———: ———: ———: INDICTMENT. An indictment for unlawful sales of intoxicating liquor need not name the persons to whom the sales were made, nor allege that they were unknown to the grand jury.

8. ———: ———: CONSTITUTION. The case of *State ex rel. Maggard v. Pond*, 93 Mo. 606, and other cases affirming the constitutionality of the local option law, followed.

*Appeal from Howard Circuit Court.*—HON. C. W. SLOAN, Judge.

REVERSED AND REMANDED.

*J. H. Johnston* and *S. C. Major* for appellant.

(1) The state's second instruction ought not to have been given. It does not properly declare the law. The general rule is, where the goods have been delivered to a common carrier for transportation to the purchaser, the delivery to the common carrier passes the title, so that the risk of loss in the course of transit falls on the vendee. Tiedeman on Sales, secs. 85, 95, and notes; *Kerwan & Co. v. Doran*, 29 Mo. App. 397; *Garbracht v. Commonwealth*, 96 Pa. St. 449; 42 Am. Rep. 550; *Sarbecker v. State*, 65 Wis. 171; 56 Am. Rep. 24; *State v. O'Neil*, 58 Vt. 140; 56 Am. Rep. 557; *Frank v. Hoey*, 128 Mass. 263; *Dubois v. State*, 87 Ala. 101; Benjamin on Sales [4 Am. Ed.] secs. 490, 517 and 521; *Dunn v. State*, 8 S. E. Rep. 806; *State v. Hughes*, 22 W. Va. 743; *Herron v. State*, 10 S. W. Rep. 25. (2) The state's fourth instruction and the one given by the court of its own motion were erroneous. *Glass v. Gelvin*, 80 Mo. 297. (3) The second instruc-

tion given for the state and the second one given for defendant were inconsistent and conflicting. (4) The court should have given instructions numbered 4 and 5 asked by defendant. (5) The indictment is insufficient. In an indictment for selling liquor in violation of the local option law, it is essential to set out the name of the person to whom the liquors was sold, or if the name of such person be unknown to allege that fact along with other circumstances tending to identify the offense. *Dixon v. State*, 21 Tex. App. 517; 1 S. W. Rep. 448; *Martin v. State*, 5 S. W. Rep. 434. (6) The "local option act," under which the indictment in this case is framed is unconstitutional. In this connection we would call the attention of the court to the dissenting opinion of Judge SHERWOOD in the case of *State ex rel. Maggard v. Pond*, 93 Mo. 636.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment is sufficient, and clearly informed defendant of the offense with which he was charged. It charges the sale to have been made on September 1st, after the taking effect of the law of July 30, 1891, and prior to the finding of the indictment on November 28, 1891. Nothing more is required. Revised Statutes, 1889, sec. 4115. It was unnecessary to allege to whom the sale was made, or that it was made to a person whose name was to the grand jurors unknown. *State v. Houtz*, 39 Mo. App. 265–272. (2) Defendant's motion to quash was properly overruled. Each of the points he suggests has been passed upon by the court and has been decided adversely to defendant. *State v. Pond*, 93 Mo. 606; *Ex parte Swan*, 96 Mo. 44. (3) The town of Fayette having less than five thousand inhabitants, it was not necessary for the secretary of state to certify to the county clerk of

Howard county that the question of local option was to be submitted to the voters of the town of Fayette for adoption or rejection.  Revised Statutes, 1889, sec. 4774.  (4) The instructions given by the court clearly and correctly declared the law applicable to the case as presented by the testimony.

BURGESS, J.—The defendant was indicted in the circuit court of Howard county for having sold beer in the city of Fayette in that county in violation of the "local option law," which was then in force in that city.  The indictment does not allege to whom the beer was sold, and a motion was made to quash it for that reason and because the law is unconstitutional, which motion was overruled.

The evidence for the state shows the following state of facts:  The witnesses had gone to defendant's place of business for beer, but were informed by him that he could not let them have it, but he told them they could order it from Wm. J. Lemp of St. Louis. He gave witnesses blank orders which they filled out with the number of cases or kegs they wished, signed them and gave them to defendant to send off for them.  These orders were addressed to W. J. Lemp & Co., St. Louis, directing the company to send them the number of cases or kegs they wished, to the care of defendant.  The beer was shipped by Lemp from St. Louis, as directed in the orders to defendant in his name and stored by him in his warehouse, and afterwards delivered to the parties ordering it as they called for it, sometimes only a portion of it being called for at a time, as it was delivered;  whether the whole amount ordered was taken away at one time or not, the portion that was delivered was paid for at the time.

The court gave the following instructions on behalf of the state against the objections of defendant:

"'1. The jury are instructed that the law commonly known as the "Wood local option law" has been in force within the city of Fayette, Howard county, Missouri, since the thirtieth day of July, 1891, and that since said date it has been unlawful for any person within the limits of said city to directly or indirectly sell, in any manner whatever, intoxicating liquors.

"2. If the jury find from the evidence that the defendant, at any time between the thirtieth of July, 1891, and the twenty-eighth day of November in said year, received within the limits of the city of Fayette, Howard county, Missouri, orders for beer to be delivered in Fayette, and that he forwarded the same to St. Louis, and that beer was sent to defendant at Fayette, under said orders so taken and forwarded by him, and that he received said beer and delivered the same within said city to the parties from whom he had taken said orders, and collected the money for said beer from said parties, within said city, for himself or for W. J. Lemp, then the jury are instructed that they must find the defendant guilty under the first count of the indictment and assess his punishment at a fine of not less than $300, nor more than $1,000, or by imprisonment in the county jail not less than six months nor more than twelve months, or by both such fine and imprisonment.

"3. If the jury have a reasonable doubt of the defendant's guilt they must acquit him, but such doubt to justify an acquittal must be a substantial doubt of his guilt based upon the evidence and not a mere possibility of his innocence.

"4. The jury are instructed that if they find from the evidence that defendant sold intoxicating liquors in any quantity within the corporate limits of the city of Fayette between the thirtieth day of July, 1891, and

the twenty-eighth day of November, 1891, they will find him guilty under the first count of the indictment.

"They are further instructed that the second count of the indictment has been dismissed."

The court, of its own motion, declared the law as follows:

"1. Although the jury believe from the evidence that the beer charged in the indictment to have been sold by the defendant was received by him from Wm. J. Lemp, of St. Louis, for parties in Fayette, who had previously signed orders therefor addressed to said Lemp, yet if the jury believe from all the facts and circumstances in evidence, the conduct of the defendant and the parties signing said order, that the real purpose and intent of said defendant was to sell and he did sell the beer in question between said thirtieth of July, 1891, and November 28, 1891, in Fayette, Howard county, Missouri, to any of the parties signing such orders, the jury will find a sale by defendant and render their verdict accordingly, or find the defendant guilty."

The court gave instructions for the defendant as follows:

"1. Although the jury may believe from the evidence that between the thirtieth day of July, 1891, and the twenty-eighth day of November, 1891, what is known as the 'local option law' was in force in the city of Fayette, in Howard county, Missouri, you are instructed that any person who had the right under the law to buy beer and have it shipped to the city for his own use, and that such purchase could be made by him in person or through some third person for him, not in any way interested or employed by the seller. If, therefore, you believe that the beer charged in the indictment to have been sold by the defendant was secured by him from Wm. J. Lemp, of St. Louis, for

parties in Fayette who had previously ordered the same from Lemp, and by him delivered to said parties, and that the said defendant acted for and represented the parties who ordered and received said beer and was not in any way employed by the said Lemp or acting for himself in selling, then you will find the defendant not guilty.

"2. Although the jury may believe from the evidence that between the thirtieth day of July, 1891, and the twenty-eighth day of November, 1891, certain parties living in Howard county, in the state of Missouri, sent to Wm. J. Lemp, of St. Louis, Missouri, orders for beer to be shipped to the care of the defendant, Wm. Wingfield, at Fayette, Missouri, and that said beer was shipped upon said orders by said Wm. J. Lemp to said Wingfield for the parties making said orders, and by said Wingfield received and stored and afterwards delivered to the parties ordering the same, still you are instructed that such acts do not constitute a selling of beer as charged in the indictment or a violation of said 'local option law,' unless you further believe from the evidence in the case that the defendant acted for said Lemp in such sale or was himself the seller.

"3. The court instructs the jury that the law presumes the defendant innocent in this case, and not guilty as charged in the indictment. And you are further instructed that the legal presumption of innocence is not a mere form to be disregarded by the jury at pleasure, but it is an essential, substantial part of the law of the land, binding upon the jury in the case, and you should act upon this presumption and acquit the defendant, unless the state by evidence satisfies you of his guilt beyond a reasonable doubt."

The following instructions were asked by defendant and refused:

"4. The court instructs the jury that the state has introduced no evidence showing any sale of beer by the defendant as charged in the indictment in the city of Fayette, and you will therefore find the defendant not guilty.

"5. The court instructs the jury that if they find and believe from the evidence that the different witnesses in this case each signed an individual order addressed to Wm. J. Lemp, of St. Louis, Missouri, to send to them so much beer to the railroad company in the city of St. Louis for transportation, then the sale and delivery of the beer was in the city of St. Louis and the jury will find the defendant not guilty."

The jury returned a verdict of guilty against defendant and assessed his punishment at a fine of $300.

Within four days after the verdict, the defendant filed his motion for new trial and in arrest of judgment, both of which were overruled, and to which he duly excepted and brings the case here by appeal.

Defendant's first contention is that the second instruction given in behalf of the state does not present fairly the law of the case, and that it is in conflict with the second instruction given on behalf of the defendant. The jury were told in the instruction on the part of the state that if defendant received within the city of Fayette, Howard county, Missouri, orders for beer to be delivered in Fayette, and that he forwarded the same to St. Louis, and that beer was sent to defendant at Fayette under said orders so taken and forwarded by him, and that he received said beer and delivered the same within said city to the parties from whom he had taken said orders and collected the money for said beer from said parties within said city for himself or for W. J. Lemp, then he is guilty. The instruction does not embody the law governing the

case.   It does not tell the jury what is necessary, as it should have done, to constitute a·sale.   Not only this, but it is in direct conflict with defendant's .second instruction, the only material difference being that in one they are told to find the defendant guilty, while in the other·they are directed to find him not guilty.

If the sale was at the city of St. Louis and complete when the beer was delivered to the common carrier for the witnesses of the state, or to defendant for them, the defendant is not guilty of the offense charged.

"By the common law a sale of personal property is usually termed a 'bargain and sale of goods.'   It may be defined to be a transfer of the *absolute or general* property in a thing for a price in *money.*" 1 Benjamin on Sales, sec. 1; Tiedeman on Sales, sec. 1.   Blackstone in his Commentaries defines a sale to be "a transmutation of property from one man to another in consideration of some price."   2 Bl. Com., 446; see to the same effect *Martin v. Adams*, 104 Mass. 262; *Wittkowsky v. Wasson*, 71 N. C. 451; *Smith v. Weaver*, 90 Ill. 392; Story on Sales, sec. 1; *Creveling v. Wood*, 95 Pa. St. 152–158.

While at common law it was not necessary that the possession of the property sold should be delivered to the buyer in order to constitute a sale, the other terms connected therewith having been complied with, the statute of frauds has now intervened and something more is required.   There must be a change of possession.   *Cunningham v. Ashbrook*, 20 Mo. 554.

In the case of *Sarbecker v. State*, 65 Wis. 171, it was held "that where the contract is silent on the subject, and there is nothing in the transaction indicating a different intention, and a manufacturer residing in one city receives through his agent residing in another an order for goods from a customer there and

fills the order by delivering the goods to a common carrier at the place of manufacture, consigned to such customer at his place of residence or to such agent for him, the sale is complete, and the title passes at the place of shipment, even though the customer on receiving the goods at his place of residence pays to such agent there the purchase price.''

The general rule is that where the goods have been delivered to a common carrier for transportation to the purchaser, the delivery to the common carrier passes the title. Tiedeman on Sales, sec. 85, and authorities cited; *Kerwin v. Doran*, 29 Mo. App. 397; *Garbracht v. Commonwealth*, 96 Pa. St. 449; *Dunn v. State*, 8 S. E. Rep. 806. And this seems to be the law, although the purchase money is afterwards collected by the vendor or agent at the place from which the goods were ordered. *State v. Hughes*, 22 W. Va. 743.

A different rule prevails where the purchase money does not accompany the order and by direction of the vendor the goods are not to be delivered until the purchase money is paid. In such case the sale is not complete until the conditions are complied with, and this would be at the point of destination of the goods shipped. Such is the law in regard to the shipment of goods or personal property, C. O. D., by express companies, which implies that the goods are not to be delivered until charges and collections are paid. *Dunn v. State*, 8 S. E. Rep. 806; *State v. O'Neil*, 58 Vt. 140. If then the beer was shipped to defendant as the agent of those who ordered it, or at their request, he was not guilty of any offense. But if it was shipped to him as the agent of Lemp, only to be delivered to those who ordered it on the payment of the purchase money, and any part of it was removed and payment made therefor to the defendant at Fayette, then both he and Lemp were guilty of a violation of the law.

The case of *State v. Houts*, 46 Mo. App. 265, is not in conflict with the views herein expressed. In that case the evidence showed that the defendant was in the employ of a St. Louis brewery engaged in running a "beer car" along the line of railroad through Scott county; that a few days prior to the delivery of the beer in that county defendant had met the witness in another county, and he gave the defendant an order for one keg of beer, which was afterwards delivered to the witness in Scott county, when he paid defendant for it, and the court very properly held that it was a sale of the beer in Scott county, and that defendant was guilty of violating the law.

We do not think that defendant's objections to the fourth instruction given on the part of the state, and the one given by the court of its own motion, are well taken, as these instructions simply direct the jury that if they find that the defendant sold beer in Fayette between certain dates they will find him guilty. We are unable to see any objection to these instructions. If he only ordered the beer at the request of certain parties and as their agent, and did not sell it to them, he is not guilty, but if he did sell it or any part of it to them, he is guilty.

As there was some evidence tending to show that the sale of beer was made by defendant, the court did not err in refusing the fourth instruction asked by him.

Nor did the court commit error in refusing the fifth instruction asked by defendant, for the reason that it ignores altogether the evidence in regard to sale by him, and exonerates him on the facts alone of the execution of the orders for the beer, and its delivery to the railroad company regardless of to whom it was consigned, or of any sale by defendant. All that is claimed by this instruction might be true and yet defendant be guilty.

The sufficiency of the indictment is challenged by the defendant on the grounds: *First,* That it failed to allege the names of the purchasers of the beer. *Second,* That the local option law is unconstitutional, and repeals by implication or suspends all other laws in regard to the sale of intoxicating liquors except alcohol, and enacts a law by the vote of the people, which is penal in its character.

In regard to the first proposition, there has been much confusion in the appellate courts of this state. But the law is now quite well settled, that in an indictment for the unlawful sale of liquor it is sufficient to charge a sale simply without stating to whom sold, or that such person was to the grand jurors unknown. *State v. Ladd,* 15 Mo. 430; *State v. Miller,* 24 Mo. 532; *State v. Fanning,* 38 Mo. 359; *State v. Rogers,* 39 Mo. 432; *State v. Jacques,* 68 Mo. 260; *State v. Martin,* 108 Mo. 117; *State v. Melton,* 38 Mo. 369.

This precise question was passed upon by the St. Louis court of appeals in the case of *State v. Houts, supra,* which was a prosecution for the sale of beer in violation of the local option law, and it was held that it was not necessary to the validity of the indictment that it should set out the name of the person to whom the sale was made.

As to the unconstitutionality of the local option law, that question has been three times before this court and it has as often been held by a majority of the court that the law is constitutional. *State v. Pond,* 93 Mo. 617; *Ex Parte Swan,* 96 Mo. 44; *State v. Moore,* 107 Mo. 79. My own opinion is now, and always has been, that the law is unconstitutional, because, as said by Sherwood, J., in the dissenting opinion in the case of *State v. Pond, supra,* "it was incomplete and without sanction when it left the legislature, and was, therefore, a delegation of legislative power, and because it repeals

or suspends general laws in particular localities." In the case of *Winterton v. State*, 65 Miss. 238, it was held that the effect of the adoption of a local option law by the people was not to repeal but to *suspend* for the time prescribed in the act the former *general* laws for the regulation of the liquor traffic.

In the case of *State v. Bevans*, Missouri Legal News, vol. 2, No. 9, p. 267, the St. Louis court of appeals, ROMBAUER, P. J., delivering the opinion, says: "The attention of the supreme court does not seem to have been called to the fact that section 4605 of the local option law only permits the sale of *pure alcohol* by druggists, and hence impliedly prohibits the sale by druggists of intoxicating liquors other than pure *alcohol*, under section 4621, in any county where the local option law has been adopted." If this be the law, then the sale of intoxicating liquors other than pure alcohol is absolutely prohibited in all counties having adopted the local option law.

Because of the error of the court in giving the second instruction on behalf of the state, the cause is reversed and remanded to be tried in conformity with this opinion. All concur.