# JUNE TERM.

## WHEELING.

### STATE *v.* FLANAGAN.

Submitted June 10, 1893.—Decided June 21, 1893.

INTOXICATING LIQUORS—SALE—VENUE—INDICTMENT.

> A party residing in Doddridge county sends a postal card through the mail to a licensed wholesale liquor dealer doing business as such in Wood county, directing a package of whisky to be sent him by express (*. O. D. The order thus sent having been received in Wood county, and having been complied with by delivering the package marked "(*. O. D.," addressed to the purchaser in Doddridge county, *held*, that under the circumstances the sale was made in Wood county, and said wholesale merchant was not liable, under indictment in Doddridge county, for retailing liquors without license in Doddridge county.

ATTORNEY-GENERAL T. S. RILEY for the State, cites 27 W. Va. 75; 26 Fed. Rep. 515; 9 At. Rep. 829; 23 Fed. Rep. 134; 15 S. E. Rep. 455; Hutch. Carr. 389; 22 W. Va. 742.

JOHN BASSELL for defendant in error cited St. *v.* O'Neill 58 Vt.; 73 N. Y. 52; Benj. Sales §§ 381–399; 11 Am. Rep. 118; 2 Kent. Comm. 492; 13 Am. Dec. 181; 9 Am. Rep. 205; 12 Am. Rep. 140; 23 W. Va. 743; 102 Mass. 70; 96 Pa. St. 449; Benj. Sales (1st Am. Ed.) §§ 130, 514 (Bennett's Ed. § 181); 71 Ala. 368; 73 Me. 278; 57 Me. 157; 130 Pa. St. 138; 51 Am. Rep. 565; 24 Me. 89; 1 Pars. Cont. 525; Eng. & Am. Ency. Law 289.

ENGLISH, PRESIDENT :

At the November term in the year 1890, W. H. Flanagan was indicted in the Circuit Court of Doddridge county for unlawfully selling spirituous liquors in said county.

without having obtained a license therefor as required by law. A motion was made to quash the indictment, which was overruled. The plea of not guilty was interposed. Issue was joined thereon, and the matters arising thereon were submitted to a jury, which resulted in a verdict of "not guilty," whereupon the attorney for the State moved the court to set aside the verdict of the jury, and grant the State a new trial, because said verdict was contrary to the law and evidence, which motion was overruled, and the State excepted and tendered three bills of exceptions, which were signed, sealed and saved to it and made a part of the record in the cause.

The facts, upon which said indictment was predicated, and about which there appears to be no controversy, are set out in said first bill of exceptions as follows:

"On the 17th day of September, 1890, H. McCally, a resident of West Union, Doddridge county, W. Va. mailed to the defendant, W. H. Flanagan, a duly-licensed wholesale and retail dealer in spirituous liquors at Parkersburg, Wood county, W. Va., not licensed in said Doddridge county, a written order or postal card to send him (McCally) one half gallon of whiskey, collect on delivery;—that said defendant received said order and caused said spirituous liquors so ordered to be packed and delivered to the express agent at Parkersburg with instructions to express same to the said McCally at West Union, C. O. D., or collect on delivery, to West Union; that the same was so expressed and received by said McCally at West Union from the express agent, B. H. Maulsby, and that said agent returned the price of said liquor—one dollar and fifty cents— paid by the said McCally to the said agent at West Union, Doddridge county, to the said defendant at Parkersburg; and that he received the same—which were all the facts shown in evidence to the jury on said trial, and thereupon the prosecuting attorney of Doddridge county moved the court to instruct the jury that under the state of facts above detailed, reciting them, if they believed them beyond all reasonable doubt, they must find the defendant guilty as charged in the indictment; but the court refused to give said instruction, and the State excepted, and thereupon the

defendant asked the court to instruct the jury that, if they found from the evidence the facts above detailed, they should find for the defendant, to the giving of which instruction the State by its attorney objected, but the court overruled said objection, and gave said instruction, and the State excepted; and, the jury having found a verdict for the defendant, the attorney for the State moved to set aside the verdict because the same was contrary to the law and the evidence, which motion was overruled, judgment was rendered upon the verdict, and the State applied for and obtained this writ of error."

The action of the court with reference to said instructions and upon said motion to set aside the verdict of the jury is assigned and relied upon as error. In order to reach a correct conclusion in this case, it is necessary to determine where this sale was made. The defendant is charged with selling spirituous liquors in the county of Doddridge, without a license; and, if the proof shows the sale to have been made in the county of Wood, he is not guilty of the offence charged, and should have been acquitted. This indictment does not charge the defendant with soliciting orders for whiskey in Doddridge county, and, if it did, the charge would not be sustained by the proof. It merely charges an unlawful selling without a license in the county of Doddridge.

The order for the whiskey was sent by postal card through the mail. The knowledge that the whiskey was desired was communicated to the defendant, Flanagan, by the postal card after it was taken from the post office in Wood county. He then received the order in Wood county, and complied with it in Wood county, by packing the whiskey and delivering the same to the express agent in said county. It is true the package was sent C. O. D., but that only authorized the express agent to receive the purchase-money on delivering the package. The postal card directed the package to be sent by express, C. O. D., and the defendant, Flanagan, in pursuance of this request, delivered the same to the express agent, who acted in a dual capacity, to wit, as the agent of McCally, the consignee, in receiving and carrying the package to its desti-

nation, and as the agent of Flanagan, the consignor, in collecting the purchase-money.

In the case of *Garbracht* v. *Com.*, 96 Pa. St. 449, which is cited by Judge GREEN in the case of *State* v. *Hughes*, 22 W. Va. 755, the facts were very similar to those in the case we are considering. A party was indicted for selling liquor without a license. The defendant was the agent of a whole-sale dealer in liquors, who was doing business in the city of Erie, and as such took orders for liquors from parties residing in Mercer county; and it was held in that case that "the place of sale is the point at which goods ordered are set apart and delivered to the purchaser, or to a com-mon carrier, who, for the purpose of delivery, represents him;" and that, under the circumstances, the sale was made in the city of Erie, and not in Mercer county. Again, in the case of *Pilgreen* v. *State*, 71 Ala. 368, where whiskey was shipped from Calera to Columbiana, C. O. D., the court held the place of sale to be Calera, the beginning of the route. The Court said:

"All the dealings between the buyer and the seller were at Calera. There the offer of the buyer was received, accepted and acted upon, and there every act was done which it was intended the seller should do. The general property in this thing sold there passed to the buyers by the delivery to the carrier of his own appointment, though he could not entitle himself to possession until he paid the price to the carrier. The carrier was his agent to receive the thing sold at Calera, and was the agent of the seller to receive the price. * * * The general property, how-ever, passed to the buyer by the delivery to the express company at Calera. The risk of the loss then passed to him, though there may have remained in the seller a special property, and though the buyer could not, without payment of the price, entitle himself to the absolute prop-erty and to the actual possession."

The same doctrine is laid down in the case of *Krulder* v. *Ellison*, 47 N. Y. 36, where "plaintiff, a merchant in New York, received from N. & T., of Rochester, an order in writing for certain goods to be sent by canal. The goods were delivered to defendant's common carriers upon the

canal, consigned to N. &. T., pursuant to the order.    The goods were lost *en route*.    It was held that upon the delivery to the carrier the title passed absolutely to the consignees, subject only to the rights of stoppage *in transitu;* and the plaintiff, the consignor, could not maintain an action for their loss."

In Benjamin on Sales (section 362) the author says: "In 1803, in the case of *Dutton* v. *Solomonson,* 3 Bos. & P. 582, it was treated as already settled law, that, where a vendor delivered goods to a carrier by order of the purchaser, the appropriation is determined, the delivery to the carrier is a delivery to the vendee, and the property vests immediately."

This question was before this Court in the case of *State* v. *Hughes,* 22 W. Va. 744, above referred to, and it was held in that case that, where orders for whiskey were solicited by the defendant, who resided in Wood county, in the county of Taylor, and the whiskey to fill these orders was delivered in jugs to an express agent in Wood county for transportation to the purchaser in Taylor county, who received the whiskey in Taylor county, and paid the express charges, and subsequently paid the purchase-money to one of the firm in Taylor county, the seller could not be indicted in Taylor county for selling spirituous liquors without license, as the sales were made in Wood county, when the jugs were delivered to the express agent.    Until then there was only an executory contract for the sale of the whiskey, and the sale became complete and the property in the whiskey was transferred to the purchaser, when it was delivered to the express agent for transportation, and not when it was received of the express agent by the purchaser.

Other cases might be cited to show that this sale was made in Wood county, but these are regarded as sufficient.

In Wood county the proposition was made to purchase the whiskey; it was there accepted; and the goods were packed and delivered to the expressman, the appointed agent of McCally, in Wood county; so that every element necessary to constitute a valid and complete sale was present in the county of Wood, and all of the elements were wanting in the county of Doddridge, so far as the defend-

8

ant Flanagan, was concerned.  To hold otherwise would prevent a wholesale merchant in Wheeling, Parkersburg, or Charleston from shipping liquors in response to a letter or telegram from a neighboring county, although he had fully complied with the law licensing him as a wholesale dealer, and would confine his wholesale business almost exclusively to the limits of his own county.  Such a construction does not, in our opinion, accord with either the letter or spirit of the law, and, entertaining these views upon the statement of facts presented, our conclusion is that the Circuit Court committed no error in refusing to give the instruction asked for by the State, or in giving the instruction asked for on behalf of the defendant, or in refusing to set aside the verdict and grant a new trial.

For these reasons the judgment complained of must be affirmed.