UNITED STATES v. ORENE PARKER CO.

(District Court, E. D. Kentucky. October 20, 1902.)

1. INTERNAL REVENUE—SALE OF LIQUOR—PLACE OF MAKING—DELIVERY TO CARRIER.

Where a seller accepts an order for goods at its place of business, by delivering the goods to a carrier to be transported and delivered to the purchaser, at another place, on payment of the price, in accordance with the terms of the order, the sale is made and the title passes at the time and place of such delivery to the carrier; and the seller is not liable to indictment for carrying on the business of retail liquor dealer in the county where the purchaser lives without having paid the special tax required by the revenue act.

Indictment for Violation of Internal Revenue Laws.

James H. Tinsley, U. S. Atty.
W. H. Hough, for defendant.

COCHRAN, District Judge. This is an indictment against the defendant for carrying on the business of a retail liquor dealer without having paid the special tax required by law. It appears from the agreed statement of facts that on divers occasions, before the finding of the indictment, one W. H. Welsh, of Johnson county, Ky.,

gave to the defendant's salesman in said county an order on defendant to ship to him at Whitehouse, in said county, by express, C. O. D., one gallon of whisky, which orders were solicited by said salesman, and which were not contracts, but simply orders for the amount of whisky called for; that said salesman sent said orders to defendant at its place of business in Covington, Ky.; that defendant filled said orders by delivering to the express company the whisky called for, to be delivered by it to said Welsh upon his paying the price; that thereafter the express company delivered the whisky to Welsh, at Whitehouse, Johnson county, upon his paying the price thereof; and that defendant had a United States license to sell at Covington, and not in Johnson county.

The question presented by these facts is whether what defendant did amounted to a carrying on of the business of a retail liquor dealer in Johnson county; and this depends, to a certain extent, upon the subquestion as to where the sales of the whisky sold by defendant to said Welsh were made,—in Johnson county or at Covington. Certainly, if they were made at Covington, defendant did not carry on the business of a retail liquor dealer in Johnson county. But though made in Johnson county, it is possible that it can be said that it did not carry on the business in said county. In my opinion, the sales were made at Covington. That is the place where the title to the whisky passed from defendant to Welsh. The general rule as to when and where title to goods shipped by the seller to the purchaser by means of a common carrier passes is thus stated by Judge Devens in the case of Wheelhouse v. Parr, 141 Mass. 593, 6 N. E. 787:

"When goods ordered and contracted for are not directly delivered to the purchaser, but are to be sent to him by the vendor, and the vendor delivers them to the carrier, to be transported in the mode agreed on by the parties or directed by the purchaser, or, when no agreement is made or direction given, to be transported in the usual mode; or when the purchaser, being informed of the mode of transportation, assents to it; or when there have been previous sales of other goods, to the transportation of which in a similar manner the purchaser has not objected—the goods, when delivered to the carrier, are at the risk of the purchaser, and the property is deemed to be vested in him, subject to the vendor's right of stoppage in transition."

As to this being the law, there is no difference of opinion. What, then, is the effect of the fact that the goods so ordered by the purchaser are delivered by the seller to the carrier with directions to deliver to the purchaser upon payment of the purchase price, particularly where, as here, the order of the purchaser directs their being sent in that way? Does it have the effect of preventing the title passing from seller to purchaser at time of delivery to carrier, as it would pass if it were not for such C. O. D. direction? Or does it have the effect simply of making the carrier the agent of the seller to collect the price, with directions to retain possession until same is paid? It seems to me that the latter is the true doctrine. I know of no better presentation of the reasons in support of it than is contained in the opinion of Judge Barbour in the case of Com. v. Russell, 11 Ky. Law Rep. 576. He there said:

"When the terms of sale are agreed on, and the bargain is struck, and everything that the seller has to do with the goods is complete, the contract

of sale becomes absolute, as between the parties, without actual payment or delivery, and the property and the risk of accident to the goods is in the buyer. He is entitled to the goods on the payment of the price, and not otherwise, when nothing is said at the sale as to the time of delivery or time of payment. The payment or tender of the price is in such cases a condition precedent, implied in the contract of sale, and the buyer cannot take the goods or sue for them without payment; for, though the vendee acquired a right of property by the contract of sale, he does not acquire a right of possession of the goods until he pays or tenders the price. 2 Kent, 492. The rule as thus laid down by Kent is undoubtedly the law in this state, whatever dissent to it may have been expressed by the courts of some of the other states. Crawford v. Smith, 7 Dana, 60; Sweeney v. Owsley, 14 B. Mon. 413; Duncan v. Lewis, 1 Duv. 184. Where goods of a certain character are ordered, and the buyer directs that they be sent by a common carrier, or when, by course of trade, delivery to a common carrier to be sent to the buyer is the evident intent, in such cases the property passes as soon as the goods are put in the carrier's possession. From this rule of law has resulted the general proposition that when the goods are consigned the consignee is presumed to be the owner, in the absence of proof to the contrary. Benjamin on Sales (Corbin's Ed.) § 517. It is well settled that the delivery of goods to a common carrier—a fortiori, to one specially designated by the purchaser for conveyance to him, or to a place designated by him—constitutes an actual receipt by the purchaser. In such cases the carrier is, in contemplation of law, the bailee of the person to whom, not the person by whom, the goods are sent; the latter, in employing the carrier, being considered as an agent of the former for that purpose. Id. § 181. It seems to us clear, upon the authority cited, that the sale in question was made at Maysville. If, after the whisky had been delivered to the carrier, it had been destroyed by the act of God, the loss would have fallen on Ryan. It had been delivered to the agent whom he had selected to carry it to him, and after that delivery the vendor could not have retaken it, except for the purpose of securing himself in the event of the purchaser's insolvency. Nor could he have sold it to another person. An action for the carrier's failure to deliver it would have been in Ryan. This could only be so upon the hypothesis that he was the owner. If Ryan had requested the appellee to sell him a gallon of whisky and to set it apart and retain it for him until a future day, when he would call and pay for it, upon appellee's acceptance of the proposition, and the setting apart of the whisky, Ryan would become the owner of it; and, if it should be destroyed without appellee's fault before the time when it was to be called and paid for, the loss would be Ryan's. What is the distinction in principle between the supposed case and the one we are considering? We can conceive of none. Ryan becomes the owner when his proposition to buy was accepted and the whisky was delivered to the express company, the agent whom he had selected to bring it to him. If the appellee had sent the whisky to be delivered to Ryan unconditionally, upon learning that he was insolvent the appellee could have arrested the whisky in the hands of the carrier, at any time before it was actually delivered, and could have thus secured his price. The understanding between the parties that it was to be delivered only upon payment of the price was but a more certain mode of securing the vendor. It gave to him the right secured to him by the law in the absence of such agreement. The fact that the price was to be paid to the carrier before he was authorized to deliver to the purchaser no more affects the question as to when and where the sale was made than if the goods had been sent without such directions, and the seller had relied upon some other mode of collecting the price. The sale is in either case absolute. The only difference is that in one case a lien is retained, and in the other it is not. In each case the carrier is the purchaser's agent for the purpose of carrying, and the seller's agent, where the price is to be paid before delivery, for the purpose of collecting the money."

To the same effect are the cases of Com. v. Fleming, 130 Pa. 138, 18 Atl. 622, 5 L. R. A. 470, 17 Am. St. Rep. 763; State v. Carl, 43 Ark. 353, 51 Am. Rep. 565; Pilgreen v. State, 71 Ala. 368; Brech-

wald v. People, 21 Ill. App. 213; Norfolk So. P. Co. v. Barnes, 104 N. C. 25, 10 S. E. 83, 5 L. R. A. 611; State v. Peters, 91 Me. 31, 39 Atl. 342; State v. Flanagan, 38 W. Va. 53, 17 S. E. 792, 22 L. R. A. 430, 45 Am. St. Rep. 832; James v. Com., 102 Ky. 108, 42 S. W. 1107. The cases of State v. O'Neil, 58 Vt. 140, 2 Atl. 586, 56 Am. Rep. 557; U. S. v. Shriver (D. C.) 23 Fed. 134; U. S. v. Cline (D. C.) 26 Fed. 515; State v. Wingfield, 115 Mo. 428, 22 S. W. 363, 37 Am. St. Rep. 406; Crabb v. State, 88 Ga. 584, 15 S. E. 455—are contra. The case of U. S. v. Chevallier, 46 C. C. A. 402, 107 Fed. 434, so far as point decided is concerned, is not contra. The most that can be said is that a favorable reference is made in the opinion to the doctrine of the last-named cases, though that is not entirely certain. It is true that some of those cases are decisions of federal courts, but they are in no wise binding upon me. I am free to decide the questions according to correct principle and weight of authority.

In view of the holding that the sales complained of were made in Covington, where the defendant had a license to sell, it is unnecessary to determine the other question, as to whether, if they had been made in Johnson county, such sales would have amounted to the carrying on of the business of a retail liquor dealer in Johnson county.

The indictment is dismissed.