WESTMORELAND SPECIALTY COMPANY, Appellant, v. MISSOURI GLASS COMPANY, Respondent.

St. Louis Court of Appeals.    Submitted on Briefs November 11, 1912.    Opinion Filed December 31, 1912.

1. COMBINATIONS IN RESTRAINT OF TRADE: State Statutes: Not Applicable to Interstate Commerce. Chapter 98, Revised Statutes 1909, condemning pools and trusts, and providing, *inter alia,* that the purchaser of any article from any individual, company or corporation transacting business contrary to its provisions shall not be liable for the price of such article, etc., is limited by its express terms to transactions within this State, and has no application to interstate purchases and sales.

2. INTERSTATE COMMERCE: Buying in one State for Delivery in Another. Where a buyer domiciled in this State buys goods in another State, to be shipped to him in this State, and the seller, by direction of the buyer, delivers them to a carrier to be transported to the latter in this State, the transaction is one of interstate commerce.

3. PLEADING: General Denial: Confession and Avoidance: Effect of Joinder. A general denial which is followed by a plea of confession and avoidance does not raise any issue.

4. APPELLATE PRACTICE: Direction of Judgment for Plaintiff. Where the correctness of an account sued on and the fact it is unpaid are admitted, and the only defense put forward is determined to be without merit by the appellate court, a judgment entered for defendant on such defense will be reversed and the cause will be remanded to the trial court with directions to enter judgment for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. T. & C. B. Allen* for appellant.

(1)  Sec. 1026, R. S. 1899 (Sec. 3040, R. S. 1909) has to do only with foreign corporations "doing business in Missouri." Plaintiff did not do business in Missouri. The sale was made and performed in Pennsylvania. Textbook Co. v. Gillespie, 229 Mo. 397; Shoe Mach. Co. v. Ramlose, 231 Mo. 539; Engine Co. v. Apartment Co., 154 Mo. App. 139; Koenig v. Boat Co., 155 Mo. App. 685; Corn Products Co. v. Supply Co., 156 Mo. App. 110. (2)  Sec. 8965 to 8970, R. S. 1899 (Sec. 10298, *et seq.*, R. S. 1909), apply to corporations "transacting or conducting business" in this State, and require that the indebtedness sued for grew out of the "transaction of its business in this State," in order to make the defense applicable. Cases supra; Menne v. Harbeck, 85 Ark. 278; Dean Co. v. Glass Co., 143 Fed. 242; Lead Co. v. Grote, 80 Mo. App. 247; Harvester Co. v. Oliver, 192 Fed. 59. (3)  The goods were purchased and sold in the State of Pennsylvania. Delivery to the carrier was equivalent to the delivery to defendant. The Federal law does not apply to this transaction. Commission Co. v. Spencer, 205 Mo. 118; State v. Rosenberger, 212 Mo. 654; Moore v. United States, 85 Fed. 465; Distilling Co. v. Importing Co., 86 Wis. 532. (4)  The defense that the plaintiff corporation was precluded by reason alone of its membership in an unlawful combination from having a judgment against a purchaser for goods sold and delivered could not be sustained either upon the principle of the common law or under the anti-trust act of Congress. Connolly v. Sewer Pipe Co., 184 U. S. 540; Hardware Co. v. Pottery Co., 120 S. W. 1088; Distilling Co. v. Cream Co., 86 Wis. 352; Warehouse Co. v. Leach 43 S. W. (Ky.), 423; Paper Co. v. United States, 28

Ct. El. 77; Hadley-Dean G. Co. v. Glass Co., 143 Fed. 232; Wall Paper Co. v. Coight, 212 U. S. 227; Harvester Co. v. Oliver, 192 Fed. 59. (5) The sales in suit were ordinary parol sales made by the owner of the goods. The suit was not based upon the agreement between defendant and the Keystone or the Glass Association, which were separate transactions of defendant with different parties. Cases supra. (6) It was not proved that either the agreement of defendant with the Keystone or the Glass Association was referred to, even by implication, by plaintiff or defendant when the parol contract of sale was made. The sales were not therefore tainted by any irregularity in such contracts. Cases supra. (7) If any implied reference thereto may be inferred, it was only to fix the amount of a commission. They did not even fix the price. It did not matter whether the document pointed at was lawful or unlawful, as the whole business was done by the parol contract of sale. Consolidated R. Co. v. Massachusetts, 207 U. S. 79. (8) The only condition in the contracts of the Keystone and Glass Associations complained of was numbered "Two," which provided that certain commissions would be paid on specific wares by said association, provided all such wares had been purchased from the manufacturer named in said commission contracts. That went only to that agreement of the Keystone and Glass Associations, and their promise to pay commissions. (9) The commission agreement in no way limited defendant's liberty of sale or purchase. It could buy or sell where it desired, and at prices which it could secure. Even if the payment of commission was conditioned upon all purchases having been made from the manufacturers specified, that was not a violation of the "Sherman Act." Whitwell v. Tobacco Co., 125 Fed. 454; Phillips v. Cement Co., 125 Fed. 593; Anderson v. United States, 171 U. S. 604; Hopkins v. United States, 171 U. S. 578; In re Greene, 52 Fed. 116.

*George W. Lubke* and *George W. Lubke, Jr.,* for respondent.

REYNOLDS, P. J.—This action was originally commenced before a justice of the peace on an account claimed to be due plaintiff by defendant. In that court defendant filed an answer, which, after a general denial, sets up that plaintiff was not authorized or licensed to transact business in the State of Missouri at the time covered by the account in suit and on that ground is not entitled to maintain the suit. Further answering, it is averred that at the time set out in plaintiff's statement and at the dates mentioned in the account attached to the statement, defendant made the purchase from plaintiff of the merchandise but that defendant had not paid for it in full and has refused and still refuses to do so, on the ground that during all the times alleged in the statement and covered by the account, plaintiff had become and was a member of a pool, trust, etc., in violation of the statutes of this State relating to pools, trusts and conspiracies. Judgment was rendered in favor of plaintiff against defendant by the justice and the cause was thereafter appealed by defendant to the circuit court. In that court, over the objection and exception of plaintiff, the answer of defendant was amended by inserting in addition to the averment that plaintiff was in a pool, trust and conspiracy in violation of the statutes of the State of Missouri, the words "of the United States," so as to charge that plaintiff was in a pool, trust and combination created and carried on in violation of the statutes of the United States and of the statutes of the State of Missouri relating to pools, trusts and conspiracies. At the conclusion of the trial, which was before the court, a jury being waived, the court found for defendant. Interposing a motion for new trial and saving exception to that being overruled, plaintiff duly perfected its appeal to the Supreme Court.

That court, adopting the opinion of Mr. Commissioner BOND, transferred the cause to this court, holding that the amount involved being under $7500, and as there was no question which was within the jurisdiction of that court, its determination belonged to this court. [See Westmoreland Specialty Co. v. Missouri Glass Co., —— Mo. ——, 147 S. W. 482.] After the case reached our court, the respondent was adjudged bankrupt, and its trustees have entered their appearance here.

The learned trial judge sets out in a memorandum filed in the cause and which is before us, that the Missouri statute against pools and trusts could not be invoked in this case because the purchase of the goods was admitedly made in the State of Pennsylvania, and that no duty devolved upon plaintiff corporation to subject itself to the laws of Missouri. Undoubtedly he is correct in this conclusion, having found as a fact that the transaction occurred in Pennsylvania and not in Missouri. [See International Textbook Co. v. Gillespie, 229 Mo. 397, 129 S. W. 922; United Shoe Machinery Co. v. Ramlose, 231 Mo. 508, 1. c. 539, 132 S. W. 1133; National Lead Co. v. Grote, 80 Mo. App. 247; Chuse Engine & Manufacturing Co. v. Vromania Apartment Co., 154 Mo. App. 139, 133 S. W. 624, and cases there cited.] Examining the testimony in the case, we are satisfied that the finding of fact by the learned trial court on this issue is sustained by not only substantial evidence but practically by the uncontradicted evidence in the case.

The remaining question then is whether the transaction pertains to interstate commerce. The learned trial court found that it did. In this we think he was also correct, even though the glassware was delivered, according to the testimony, to the carrier at Pittsburg by plaintiff by direction of defendant. Learned counsel for appellant contends that delivery to the carrier was delivery to defendant, citing State v.

Rosenberger, 212 Mo. 648, 1. c. 654-657, 111 S. W. 509. While our Supreme Court, in State v. Wingfield, 115 Mo. 428, 22 S. W. 363, and Town of Canton v. McDaniel, 188 Mo. 207, 86 S. W. 1092, held that this did not apply to shipments c. o. d., these decisions, so far as concerns this point, are disapproved (1. c. 656 and 657) in the Rosenberger case. So also it is held in Pennsylvania, where the transaction occurred, in Commonwealth v. Fleming, 130 Pa. St. 138, that delivery to the carrier for the owner was delivery to the purchaser, the owner. But the sale and delivery were for transportation to Missouri and we have no doubt that they related to interstate commerce. On all other points here, that is the nature of the transaction and the contracts involved, save that this appellant was a member of the Glass not of the Keystone Selling Association, and that this purchase was from plaintiff, this case is exactly simliar in its facts to the facts in First National Bank of Jeannette v. Missouri Glass Co., 169 Mo. App. 374, 152 S. W. 378, decided and the opinion filed at this session of our court. We refer to that as decisive of the case at bar. For the reasons there given this judgment must be reversed.

In this case, as in the Bank case, the general denial is followed by pleas in bar—technically, more specifically, pleas in confession and avoidance. It has been determined by our Supreme Court in State ex inf. v. Delmar Jockey Club, 200 Mo. 34, 1. c. 65, 98 S. W. 539, that "the plea of general denial does not raise an issue where it is followed by a special plea of confession and avoidance."

Here the correctness of the account and that it is unpaid is specifically admitted—the statutes being invoked in bar of a right to its enforcement. There is nothing, that defense being held by us as unavailable, to prevent judgment for plaintiff.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to

enter up judgment for plaintiff for the amount of the account, with interest from the date of commencement of the action. *Nortoni* and *Caulfield, JJ.*, concur.

