STATE *vs.* INTOXICATING LIQUORS, E. C. MOFFITT, claimant.

Kennebec.    Opinion March 16, 1882.

*C. O. D.    Spirituous liquors.    R. S., c. 27, § 37.*

Courts and juries from their general information may take the initials C. O. D, when affixed to packages sent by common carriers from seller to buyer, to mean, that a delivery is to be made upon payment of the charges due the seller for the price, and the carrier for the carriage, of the goods.

A package of spirituous liquor so sent and seized by an officer from an express company before delivery to the buyer, may be reclaimed by the buyer from the state, if not liable to confiscation, no other party or person making any claim.

ON REPORT of facts agreed, upon an appeal from trial justice to superior court.

The opinion states the material facts.

*H. M. Heath,* county attorney, for the state.

At the time of the seizure the claimant had no right to the liquor.    R. S., c. 27, § 37.

The contract of sale must be regarded as made in Massachusetts, as it was by letter from Winthrop to Boston.    *Milliken* v. *Pratt,* 125 Mass. 374; *McIntyre* v. *Parks,* 3 Met. 207; *Orcutt* v. *Nelson,* 1 Gray, 536; *Kline* v. *Baker,* 99 Mass. 253; *Jordan* v. *Dobbins,* 122 Mass. 168.

By the law of Massachusetts the sale being for cash on delivery the title was in the vendors until payment.    *Stone* v. *Perry,* 60 Maine, 48; *Seed* v. *Lord,* 66 Maine, 580; *Whitney* v. *Eaton,* 15 Gray, 225; *Hirschorn* v. *Canney,* 98 Mass. 149; *Adams* v. *O'Connor,* 100 Mass. 515; *Deshon* v. *Bigelow,* 8 Gray, 159.

*J. H. Potter,* for the claimant, cited: Benj. Sales, §§ 44, 181, 693; *Hunter* v. *Wright,* 12 Allen, 548; *Abbott* v. *Shepherd,* 48 N. H. 14.

PETERS, J.    The claimant sent an order to a firm in Boston for whiskey, to be forwarded to him by express, C. O. D.    The whiskey was sent, as ordered, to the town of Winthrop in this state.    Immediately upon its arrival, before the claimant could

get it, the package was seized as liable to confiscation under the liquor act.   Immediately after the seizure, the claimant tendered the charges to the express company, and demanded the package, both of the express company and of the officer.   It is not now claimed that the liquor was for any reason liable to confiscation, and it is withheld by the government for the purpose of ascertaining whether the claimant, who made himself a party to the legal proceedings, is a proper person to whom the liquor may be returned.

Undoubtedly, the initials C. O. D. meant, collect on delivery, or more fully stated, deliver upon payment of the charges due the seller for the price, and the carrier for the carriage, of the goods.   These initials have acquired a fixed and determinate meaning which courts and juries may recognize from their general information.   What can be established by indisputable proof may be acknowledged without proof.   What is notorious needs no proof.   1 Whar. Ev. § 330 ; Best, Ev. 351.

Here, then, was a sale of the property to the claimant, the price payable on delivery.   The rule that requires a delivery does not apply, inasmuch as creditors or second purchasers are not interested.   The statute of frauds does not apply, for the price of the goods must fall far short of thirty dollars.   The contract stands upon the simple rule of the common law.   The seller was entitled to his price, and the buyer to his property, as concurrent acts.   The title passed to the vendee when the bargain was struck.   Any loss of the property by accident would have been his loss.   The vendor had a lien on the goods for his price.   The vendor could sue for the price, and the vendee, upon a tender of the price, could sue for the property.   2 Kent's Com. 492 ; *Merrill* v. *Parker,* 24 Maine, 89 ; *Wing* v. *Clark, Id.* 366 ; *Chase* v. *Willard,* 57 Maine, 157.

By § 37, c. 27, R. S., the claimant must have "a right to the possession" of the liquors "at the time when seized."   If the magistrate is satisfied that "the claimant is entitled to any part of the liquors seized," the same are to be surrendered to him.

In this case both the seller and purchaser had a qualified right of possession ; the seller, upon the purchaser's neglect or refusal

to pay for the goods ; and the buyer, by paying for the same. The buyer had a right of possession upon a condition which he was willing and ready to perform, which has since been performed, and which would have been performed in the manner intended by the parties to the sale, but for the act of the officer. The counsel for the state cites *Stone* v. *Perry*, 60 Maine, 48. The controversy there was between seller and purchaser. In the present case, the seller does not appear and makes no claim. We think the claimant's right to possession must be regarded as better than that of the state.

*A return ordered.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.