The State v. The United States Express Company.

1. **Intoxicating Liquors:** HELD FOR SALE BY EXPRESS COMPANY: SEIZURE AND DESTRUCTION: COSTS. Intoxicating liquors imported into this state by express, and held by the express company as agent for the consignor, to be delivered to the consignee upon payment of the purchase price, are subject to be seized and destroyed as contraband property in a proceeding against the liquors. It is wholly immaterial in such case whether the officers of the express company know the character of the property, or the uses to which it is to be put; and where the company voluntarily appears in the proceeding and claims the liquors, the costs may properly be taxed against it.

*Appeal from Franklin District Court.*

SATURDAY, DECEMBER 11.

THIS is a proceeding under the statute, by which certain intoxicating liquors in the possession of the United States Express Company were seized and destroyed. The express company appeared and claimed the liquors, and in a trial before a justice of the peace the liquors were condemned and ordered to be destroyed. The express company appealed to the district court, where a like judgment and order were entered, and the costs of the proceeding were taxed to the express company, from which order this appeal is taken.

*Henley & Hemingway*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—The liquors seized were such as are prohibited from being sold in this state. There were several packages of the liquor. Some had been shipped from Albert Lea, Minnesota, and some from Rock Island, Illinois, consigned to parties at Hampton, Franklin county. They were carried by the express company, and held by it for delivery to the parties upon the payment of the purchase price. They were therefore the property of the consignors, and the express company was the agent of the consignors, with authority to

transfer the title to the property upon payment of the purchase price. The property was therefore contraband under sections 1542, 1543, and 1553 of the Code, as amended by chapter 143 of the Laws of the Twentieth General Assembly.

The liquor was held for sale; and, as it is a proceeding against the property, it is wholly immaterial whether the officers of the express company knew the character of the property, or the uses to which it was to be put. It is its duty, under the statute, to know whether goods it receives for shipment are such as the law authorizes to be bartered and sold. It cannot be allowed to make itself an agent of one who is violating the laws of the state. It is to be remembered that this is not a criminal proceeding against the express company. It is a voluntary party to the proceeding.

AFFIRMED.