STATE OF IOWA, Appellant, v. AMERICAN EXPRESS COMPANY, R. M. COFFIN, and Certain Intoxicating Liquors.

Intoxicating Liquor: C. O. D. SALE: EXPRESS COMPANY. Where 1 liquor is shipped by express into this state, C. O. D., to be delivered to the consignee on payment of the purchase price, the express company becomes the agent of the consignor for effecting an illegal sale in this state, and such liquors are subject to seizure and may be legally destroyed.

118 447
d120 184

*Appeal from Tama District Court.*—HON. G. W. BURN-HAM, Judge.

THURSDAY, OCTOBER 30, 1902.

CERTAIN intoxicating liquors in the possession of the defendant Coffin as agent for the American Express Company at Tama were seized, and, by the judgment of a justice of the peace, were condemned, and their destruction ordered, on the ground that they were being kept by defendants to be sold in violation of law. On appeal to the district court the liquors were ordered to be returned to the express company on the finding that said liquors were wrongfully seized, and from this judgment the state appeals.—*Reversed.*

*Chas. W. Mullan,* Attorney General, *Charles A. Van Vleck,* Assistant Attorney General, and *C. B. Bradshaw* for the State.

*J. W. Willett* and *J. C. Cook* for appellees.

PER CURIAM.—The facts out of which this controversy arose were as follows: Certain packages of intoxicating liquors, each containing one quart, were, in pursuance of orders received by John Cullom Company, dealer in intoxicating liquors at Rock Island, Ill., delivered to the defendant express company to be transported to Tama, and there to be delivered to the consignees named, on the payment of $3 and express charges on each package so shipped. The defendant express company had no knowledge that such packages contained intoxicating liquors, if that fact is material, and transported them to Tama, where they were then seized in the possession of the defendant Coffin as its agent. The simple question is whether the delivery of these packages to consignees would have constituted sales of the liquors at Tama, for if so, such liquors were

held for the purpose of illegal sale in the state, and were subject to forfeiture, or whether, on the other hand, the sales were made at Rock Island, and the liquors were in the possession of the defendant company merely for transportation and delivery to the consignees in pursuance of such completed sales, for under this state of facts the liquors were in possession of the express company in the discharge of its functions in carrying on interstate commerce, and could not be seized under the state law, unless it be found that, in accepting the goods and attempti g to collect the purchase price, the company was not acting as a carrier, simply, but was undertaking the performance of an act prohibited by our law.

If the act of the carrier in assuming to collect the purchase price be considered as a sale of the goods, or if it be found that such transaction on its part is not freed from the operation of our laws, by reason of being but a lawful step incident to interstate commerce, then the liquors should have been condemned. Whether a C. O. D. transaction should be deemed an absolute sale on the part of the vendor, with a provision for withholding delivery until actual payment, so as to preserve a lien for the price, or as an executory contract of sale, which is not completed until actual delivery to the buyer, has been the subject of much diversity of opinion. See cases cited at pages 300, 301, 17 Am. & Eng. Enc. Law (2d Ed.). If the question were *res integra* in this state, a majority of the court, as now constituted, would be inclined to the view that under such a shipment the carrier is the agent of the buyer for the purposes of transportation, and of the seller for the purpos of retention of possession and collection of the purchase price, and that, as a necessary corollary, title passed to the buyer on delivery to the carrier. But the question is foreclosed in *State v. United States Express Co.*, 70 Iowa, 271, wherein it is said: "They [the liquors] were

carried by the express company, and held by it for delivery to the parties on payment of the purchase price.   They were therefore the property of the consignors, and the express company was the agent of the consignors, with authority to transfer the title to the property upon payment of the purchase price.   The property was therefore contraband," etc.

It was also held in that case that want of knowledge on the part of the express company of the character of the goods was entirely immaterial.   That opinion, which was written by Judge Rothrock, has stood unquestioned until this case, and several others like it, recently reached this court, and would not, no doubt, at this time, be challenged, but for the opinion in *Rhodes v. Iowa*, 170 U. S. 412, 18 Sup. Ct. Rep. 664, 42 L. Ed. 1088.   That case in no manner militates against the conclusion reached in the *Express .Company Case*, for the same court which announced that opinion held in *O'Neil v. Vermont*, 144 U. S. 323 (12 Sup. Ct. Rep. 693, 36 L. Ed. 450), that the determination of the character of a C. O. D. transaction did not involve a federal question, and sustained not only a condemnation of liquors under precisely the same state of facts as appear in the case now before us, but also affirmed a judgment of conviction against an agent connected with the sale.   Our 70 Iowa case, is not without support in other jurisdictions.   See *State v. O'Neil*, 58 Vt. 140, 2 Atl. Rep. 586, 56 Am. Rep. 557; *State v. Goss* (Vt.) 9 Atl. Rep. 829, 59 Am. Rep. 706; *U. S. v. Shriver* (D. C.) 23 Fed. Rep. 134; *U. S. v. Cline* (D. C.) 26 Fed. Rep. 515; *U. S. v. Chevallier*, 107 Fed. Rep. 434; *Baker v. Bourcicault*, 1 Daly, N. Y. 24; *State v. Wingfield*, 115 Mo. 428, 22 S. W. Rep. 363, 37 Am. St. Rep. 406; *Crabb v. State* (Ga.) 15 S. E. Rep. 455; *Dunn v. State*, (Ga.) 8 S. E. Rep. 806, 3 L. R. A. 199; *State v. Intoxicating Liquor* (Vt.) 2 Atl. Rep. 586; *Wagner v. Hallack*, 3 Colo. 176.

We are now asked to change the rule, to the end that our prohibitory liquor laws, passed in the exercise of the

police power of the state, may be rendered less irksome, and express companies be allowed not only to transport liquors into the state, which, of course, they may do, but also to collect the purchase price for the vendors. The baneful effect of such a decision is easily imagined. Every one knows that an overruling of the *Express Company Case* would be followed by the establishment in every community of places for the sale of intoxicants which would be quite as harmful and free from regulation and restraint as were the "original package saloons" before the enactment of the Wilson bill. The purpose and intent of that act is quite generally understood. That it was not intended to interfere with legitimate acts of transportation of property between the states, nor to prevent a resident of this state from shipping liquors into it from another state for his own consumption and use, is freely admitted. But it is just as clear to our minds that it was not the intention of congress to authorize a carrier to engage not only in the transportation of property, but to act as an agent for the seller in completing the sale and collecting the purchase price.

Supported as we are in our position by respectable authority, fortified by the thought that we are upholding the policy of this state toward the traffic in intoxicants, and fully believing that the doctrine announced, while not supported, perhaps, by the weight of judicial authority, is one which will do much good, and no harm, we are constrained to adhere to it, on the broad ground of *stare decisis*, which is one of the safeguards of our judicial system.

This conclusion relieves us from the necessity of considering the other question, as to whether or not the goods are protected by reason of the commerce clause of the federal constitution. See the *O'Neil Case, supra.* However, some of the members of the court would reach the same result, had it been found that the title to the property passed when delivered to the carrier in the state of Illinois.

Conceding that to be true, they are of opinion that the transaction was not in any fair sense interstate commerce, protected by the constitution of the United States from state regulation. The express company in effect engaged in the business of selling through agents in this state, at retail, intoxicating liquors shipped by it for that purpose from the state of Illinios. This was a mere device, as it seems to some of us, to evade the police laws of this commonwealth, and that the doctrine of "original packages" or of freedom of interstate commerce does not apply to a business of this character. In assuming to collect the purchase price, and to hold possession until the price was paid, it was in no proper sense engaged in interstate commerce. Others of the court are of a contrary opinion. They think that the collection of the purchase price was a mere incident to the transportation of the goods, and that the case should be ruled by *Rhodes v. Iowa, supra,* in the event we were constrained to overrule the *Express Company Case* in 70 Iowa. None of us, as before observed, are disposed to question that decision at this time, and it follows that the judgment of the district court should be, and it is, REVERSED.