### THE CITY OF CARTHAGE
### *v.*
### W. H. DUVALL.

*Opinion filed April 24, 1903.*

INTOXICATING LIQUORS—*sales—title passes on delivery of liquor to carrier, although shipped C. O. D.*  Delivery of intoxicating liquor to an express company, although consigned C. O. D., passes title to the consignee, and the express agent, by knowingly delivering the liquor to the consignee and collecting and remitting therefor, is not liable as for selling liquor in violation of an ordinance.

*City of Carthage* v. *Duvall,* 105 Ill. App. 123, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.

This was an action commenced by the city of Carthage against Duvall, before a police magistrate, to recover a penalty for selling intoxicating liquor in said city contrary to an ordinance thereof.  The defendant was discharged by the police magistrate and the city perfected an appeal to the circuit court of Hancock county, where, on a trial before the court, a jury having been waived, upon a stipulation as to the facts, a judgment was rendered in favor of the defendant, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

It appears from the stipulation upon which the case was tried, that there was in force an ordinance of said city making it unlawful to sell intoxicating liquor in less quantities than five gallons in said city; that one Skidmore ordered a gallon of whisky from the Dallas Transportation Company, a wholesale liquor dealer engaged in business at Burlington, Iowa; that said company filled the order by delivering the whisky to the Adams Express Company at Burlington, Iowa, consigned to Skidmore, at Carthage, Illinois, C. O. D.; that the defendant was the

agent of the express company at the city of Carthage, and upon the receipt of the whisky at Carthage, as such agent, knowing the express package to contain whisky, he delivered the same to Skidmore and collected from him the price thereof and express charges thereon from Burlington to Carthage, with return charges upon the collection. from Carthage to Burlington. The question raised on this appeal was properly preserved by propositions of law, some of which were held and others refused.

A. A. KELLEY, City Attorney, A. W. O'HARRA, and BERRY, McCRORY & KELLEY, for appellant:

An express agent, acting in that capacity, receiving at his office a package containing intoxicating liquor, and knowing or having reason to believe or suspect what it contains, delivering the same to the consignee, collecting the pay therefor and transmitting it to the consignor, is liable to conviction under an indictment charging him with the illegal sale of the liquor. 7 Am. & Eng. Ency. of Law, (1st ed.) 579; Black on Intoxicating Liquors, sec. 403, p. 471; *United States* v. *Shriver,* 23 Fed. Rep. 135; *State* v. *O'Neil,* 58 Vt. 140.

A sale of liquor to be delivered C. O. D. is not completed until delivery, acceptance and payment of the purchase price. *State* v. *Goss,* 59 Vt. 102; *State* v. *O'Neil,* 58 id. 140; *State* v. *Wingfield,* 115 Mo. 428; *United States* v. *Shriver,* 23 Fed. Rep. 515; *State* v. *Express Co.* 70 Iowa, 271; *Crabb* v. *State,* 88 Ga. 584; *Knight* v. *State,* 88 id. 589.

If the vendor, in making the consignment and delivering the goods to the carrier, does not intend to part with his title to and control over them, the carrier must be regarded as the agent of the consignor, and not of the consignee. *Emery's Sons* v. *Bank,* 25 Ohio St. 360.

If payment is to be made upon delivery, payment and delivery are concurrent conditions precedent, and title will not pass until payment is made. 21 Am. & Eng. Ency. of Law, (1st ed.) 637.

WILLIAM H. HARTZELL, for appellee:

Intoxicating liquors are recognized as subjects of exchange, barter and traffic, like any other commodity in which a right of traffic exists, and are so recognized by the usages of the commercial world, the laws of Congress and the decision of the courts. *Leisy* v. *Hardin*, 135 U. S. 100; *In re Rahrer*, 140 id. 545.

As a general rule, delivery of goods to a common carrier, to be conveyed to the vendee, is equivalent to a delivery to the purchaser, and vests the title in him. *Ward* v. *Taylor*, 56 Ill. 495; *Pike* v. *Baker*, 53 id. 166; *Ellis* v. *Roche*, 73 id. 281; *Diversey* v. *Kellogg*, 44 id. 118; *Wolfe* v. *Dietzsch*, 75 id. 206; *Merchants' Despatch Co.* v. *Smith*, 76 id. 543; *Stafford* v. *Walters*, 67 id. 84; *Froehlich* v. *Alexander*, 36 Ill. App. 428; *Village of Coffeen* v. *Huber*, 78 id. 455; *Bliss* v. *Greer*, 7 id. 614; Benjamin on Sales, secs. 1, 181-315.

The fact that the consignor ships the article C. O. D. does not change or vary this rule. *Brechwald* v. *People*, 21 Ill. App. 213; *Commonwealth* v. *Russell*, 11 Ky. 576; *State* v. *Cairnes*, 68 Pac. Rep. 621; *State* v. *Peters*, 91 Me. 31; *Railroad Co.* v. *Barnes*, 104 U. S. 25; *Pilgreen* v. *State*, 71 Ala. 368; *Commonwealth* v. *Fleming*, 5 L. R. A. 470; *Riggins* v. *Murry*, 73 N. Y. 252; *State* v. *Carroll*, 43 Ark. 353; *State* v. *Hughes*, 22 W. Va. 743; *State* v. *Flanagan*, 38 id. 53; *Crook* v. *Cowan*, 64 N. C. 743; *State* v. *Intoxicating Liquors*, 73 Me. 278.

The payment of the purchase price is not an essential element of the sale. *Riley* v. *Dubois*, 14 Ill. App. 236; *Hunt* v. *Eldridge*, 5 id. 529.

The vendor has a lien that is a right to retain the possession of the property until the purchase price is paid, unless the property is sold on credit. *Mathews* v. *Cowan*, 59 Ill. 341; *Hooven* v. *Burdette*, 153 id. 672; *Owens* v. *Weedman*, 82 id. 404; *Railroad Co.* v. *Phillips*, 60 id. 190; *Railroad Co.* v. *Buckley*, 114 id. 340.

A common carrier is bound to carry when reasonable charges are paid or offered to be paid. *Railroad Co.* v. *Erickson*, 91 Ill. 613.

Express companies are common carriers. *Baldwin* v. *Express Co.* 23 Ill. 198; *Express Co.* v. *Haggard*, 37 id. 466; *Gulliver* v. *Express Co.* 38 id. 503; *Express Co.* v. *Parsons*, 44 id. 312.

A common carrier may exact pay in advance, or wait and retain lien. *Railroad Co.* v. *Herndon*, 81 Ill. 143.

It is compelled to deliver C. O. D. and collect charges. *Express Co.* v. *Wolfe*, 79 Ill. 430.

Mr. JUSTICE HAND delivered the opinion of the court:

It is agreed between the parties that there is but one question presented for decision in this case, viz., do the facts show a sale of intoxicating liquor in less quantities than five gallons by the defendant to Skidmore within the city of Carthage? The determination of that question depends upon whether the title to the liquor vested in Skidmore at Burlington or at Carthage. If at Burlington, the defendant is not liable, and if at Carthage, he is.

The general rule frequently announced by this court is, that the delivery of personal property by the seller to a common carrier to be conveyed to the purchaser is a delivery to the purchaser, and that the title to the property vests in the purchaser immediately upon its delivery to the carrier. (*Pike* v. *Baker*, 53 Ill. 163; *Ward* v. *Taylor*, 56 id. 494; *Ellis* v. *Roche*, 73 id. 280.) Whether such rule applies where the property is consigned C. O. D. is an open question in this court, but upon principle and authority, where, as here, everything which the seller has to do with the property has been done at the time it is delivered to the carrier, we see no reason why the title does not vest in the purchaser immediately upon its delivery although it is consigned C. O. D., or why the same rule should not be applied to intoxicating liquor that is applied to other classes of personal property. In several States (*State* v. *O'Neil*, 58 Vt. 140; *State* v. *United States Express Co.* 70 Iowa, 271; *State* v. *Wingfield*, 115 Mo. 428;) the courts hold that the title to intoxicating liquor,

when it is consigned C. O. D., does not vest in the purchaser until it is received, accepted and paid for. The great weight of authority, however, is the other way. (*State* v. *Moffitt,* 73 Me. 278; *Commonwealth* v. *Fleming,* 130 Pa. St. 138; *Pilgreen* v. *State,* 71 Ala. 368; *State* v. *Cart,* 43 Ark. 353; *Crook* v. *Cowen,* 64 N. C. 743; *State* v. *Flanagan,* 38 W. Va. 53.) In the American and English Encyclopedia of Law, after stating the general rule that where personal property is delivered by the seller to a common carrier upon the order of the purchaser the title immediately vests in the purchaser, it is said (vol. 17—2d ed. —p. 300): "A somewhat different question is presented when the sales are made C. O. D. There is much diversity of opinion as to whether sales of this character are to be deemed absolute sales on the part of the vendor with a provision for withholding delivery until actual payment, so as to preserve the lien for the price, or only as executory contracts of sale, not completed until actual delivery into the hands of the buyer. In a number of decisions it has been held that for the purpose of determining whether the seller has violated the liquor laws in force where the buyer lives, a sale C. O. D. is not complete until delivery, acceptance and payment of the price by the person ordering the liquors. At least so far as cases dealing with intoxicating liquors are concerned, however, the weight of authority is against the foregoing view, and it is generally held that where intoxicating liquors are ordered to be shipped C. O. D., the sale is completed when the liquor is delivered to the carrier." The cases that hold the title to the property vests in the purchaser upon a C. O. D. consignment, place such holding upon the ground that the carrier is the agent of the purchaser to deliver the property and the agent of the seller to collect and return the purchase price, and that the only interest of the seller in the property after its delivery to the carrier is a lien for the purchase price.

From an examination of the authorities cited in the briefs, and such other authorities as we have been able to find bearing upon the subject, we have reached the conclusion that the sale to Skidmore was completed when the liquor was delivered to the express company in Burlington, and that no sale of liquor was made by the defendant to Skidmore in the city of Carthage.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*