### John Brod v. J. K. Dering.

#### Gen. No. 13,679.

CONSIGNOR AND CONSIGNEE—*what prima facie proof of delivery.* *Prima facie* proof of delivery by a consignor to a consignee is established by proof of delivery to a carrier for transportation, the property being marked for delivery to the consignee.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

**Statement by the Court.** Defendant in error—hereinafter called plaintiff—brought suit to recover from plaintiff in error—hereinafter referred to as defendant—the value of three carloads of coal claimed to have been sold and delivered to the defendant. The latter filed notice of set-off and a bill of particulars claiming damages by reason of non-delivery of two of the carloads of coal.

Material facts are stated to be that on or about January 7, 1905, the defendant ordered three carloads of coal which were to be shipped by plaintiff to the defendant at Niles Center, Illinois, at an agreed price. One of the cars was delivered to the defendant, but the latter denies that he received the others. There is evidence tending to show the plaintiff owned three certain carloads of coal standing on tracks of the Chicago and Eastern Illinois Railroad Company at Chicago on said date—January 7, 1905—two of which he directed said railroad company to deliver to the Chicago and Northwestern Railway Company to be by the latter shipped over its track to the defendant at Niles Center. The said Chicago and Northwestern Railway was the only railroad from Chicago to Niles Center. Two receipts were introduced in evidence which are as follows:

"PLAINTIFF'S EXHIBIT A.

Chicago, Jan. 16, 1905.

Consignee, John Brod.
Destination, Niles Center.

| Series | 0 | |
|---|---|---|
| Pro. | 1–7595 | Via C. N. W. |
| From | Cummings | Received of Chicago & |
| Date of W. B. | 1–4 | Eastern Illinois Railroad Co. |
| No. of W. B. | C. 7 | the following described property in good order: |
| Car Initial | E. T. H. | |
| Car No. | 7775 | |
| Consignor | C. C. Co. | Articles and Weight.    Rate |
| X Car Number | 1/18 | Marks.         .    Charges. |
| Original Point | | lump.    80,000    32.20. |
| of shipment | 1/20 | |

Received at 40th street, Chicago, C. &. N. W. Ry. Co.
Not responsible beyond the Terminal Station of this
line.

Jan. 21, 1905.

Subject to conditions of Local Freight Tariffs.

H. C. Howe, Agent.

Per.................

Not checked or transferred by C. & N. W. Ry."

"PLAINTIFF'S EXHIBIT B.

Chicago, Jan. 6, 1905.

Consignee, Jno. Brod.

Destination, Niles Center, Ill.

| Series | 0 | Via C. & N. W. |
|---|---|---|
| Pro. | 1–292 | Received of Chicago & Eastern Illinois Railroad Co. the following described property in good order. |
| From | Bruilletts | |
| Date of W. B. | $^1/_3$ | |
| No. of W. B. | C. 1 | |
| Car Initial | C. T. H. | |
| Car No. | 3257 | Articles and Weight.    Rate |
| Consignor | B. C. C. Co. | Marks.    Charges. |
| X Car Number | $^1/_{15}$ 8:30 A. M. | L Coal.    $^{50}/_{100}$    20.17. |

Received at 40th street, Chicago, C. & N. W. Ry.
Not responsible beyond the Terminal Station of this
line.

Jan. 18, 1905.

Subject to conditions of Local Freight Tariffs.

H. C. Howe, Agent.

Not checked or transferred by C. & N. W. Ry."

There was no proof except the said receipts of delivery
of said cars to the defendant. The latter introduced evidence tending to show that not having received these cars
of coal, he was compelled to and did purchase two other
cars of coal at Niles Center for which he paid a larger
price than was called for by his contract with plaintiff.

The trial court held that the receipts above set forth were
competent evidence of the delivery by plaintiff to the Chicago and Northwestern Railway Company of two cars of

coal for shipment to defendant at Niles Center, that delivery
to said C. & N. W. Ry. Co. was delivery to defendant and
that defendant was not entitled to set-off. Judgment was
entered in favor of plaintiff for the full amount of his
claim, being the contract price for the coal.

MASON & WYMAN, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Counsel for defendant in their brief admit that "a delivery
by the shipper to the carrier is in legal effect a delivery to
the consignee; the carrier from the time of delivery being
the agent of the consignee." It is contended, however, that
in the case at bar there was no competent proof of
delivery to the carrier. The question is presented therefore,
whether the trial court erred in admitting the receipts in
evidence as competent to prove such delivery, purporting as
they do to acknowledge receipt of the cars from the Chicago
& Eastern Illinois Railroad Company.

It is to be noted that the purpose for which the receipts
were introduced in evidence was to show delivery of the cars
in question to the railroad company for transportation to
the consignee. If the cars were delivered to the North-
western Railroad Company for transportation to the con-
signee, it is well settled that by such delivery the railroad
company became the agent of the consignee and the posses-
sion of the railroad company became the possession of the
defendant. No question of the quality of the coal or of its
quantity or condition is involved, and the receipts were not
introduced, nor is it claimed they were admissible for any
other purpose than as *prima facie* evidence of the delivery
of the coal to the Northwestern Railroad Company for trans-
portation to the defendant. The latter's counsel cite Flower
v. Downs, 12 Robinson (La.) 101–102, in which it was said
that "a bill of lading is evidence of shipment as between the
carrier and the shipper, but not of delivery to the consignee;

such delivery ought to be shown by legal evidence independently of the bill of lading." The receipts in question are not offered as evidence to show delivery to the consignee himself, but as *prima facie* proof of delivery to the carrier, the Northwestern Railroad Company, in other words, as "evidence of a shipment as between the carrier and the shipper," to use the language of the case cited. From the time of such delivery as is conceded by defendant's counsel, the carrier became the agent of the consignee and its possession was his possession. Pike v. Baker, 53 Ill., 163–166; Rabinowitz v. Hall, 123 Ill. App., 65–67; City of Carthage v. Duvall, 202 Ill., 234–237, and cases there cited.

It is urged that "the signatures on the receipts were not proven" and that "it was not proven either that they were signed or stamped by an employee of the Northwestern road, whose duty it was to give such receipts." It appears, however, from the statement of facts shown in the record that plaintiff produced the two receipts "and offered evidence showing that said receipts on the dates they purport to have been given were given by the Chicago and Northwestern Railway Company to the Chicago & Eastern Illinois Railroad Company; that the two cars of coal mentioned in said receipts are two of said three cars of coal which were on that date in the possession of said last mentioned railroad as aforesaid. Thereupon plaintiff offered said receipts in evidence." The evidence referred to as showing the facts above stated is not preserved in the record. No objection seems to have been made to its competency or sufficiency as laying a foundation for the admission of the receipts in evidence, and as it is not in the record we must presume it was competent and sufficient for the purpose for which it was offered.

Finding no error the judgment of the Municipal Court will be affirmed.

*Affirmed.*