SECOND DISTRICT—FEBRUARY, 1922.        13

The Runkle Co. v. The Twin City Produce Co., 224 Ill. App. 13.

</div>

The Runkle Company, Appellant, v. The Twin City Produce Company, Appellee.

## Gen. No. 6,914.

1. SALES—*construction of agreement as to time of delivery.* An agreement by a salesman in taking an order that the goods would be shipped immediately, while not meaning that they would be shipped on that day, did mean that the shipment would be made promptly.

2. SALES—*construction of order as to mode of delivery.* An order for goods stating that "terms are F. O. B. Kenton" means that the shipper is to deliver the goods on board cars at Kenton, duly addressed to the consignee.

3. SALES—*vesting of title in purchaser on delivery of property to carrier.* The general rule in this State is that delivery of personal property by the seller to a common carrier for delivery to the purchaser is delivery to the purchaser so that title vests in him immediately, and the risk of subsequent loss falls upon him.

4. SALES—*when right to rescind for delay in delivery is waived.* If delivery of goods to a carrier on a certain date was a failure of the seller to comply with an agreement to ship them immediately and authorized the purchaser to rescind the contract, the purchaser was required, upon receipt of notice of delivery to the carrier on that date, to rescind immediately, if at all, and when the contract

14   APPELLATE COURTS OF ILLINOIS.

The Runkle Co. v. The Twin City Produce Co., 224 Ill. App. 13.

was not so rescinded, the right to rescind was waived and the purchaser must look to the carrier for redress if the delay in transmitting the goods was unreasonable.

5. APPEAL AND ERROR—*when judgment entered in Appellate Court upon reversal.* Where a case was tried below without a jury and it was proven that defendant owes plaintiff a certain amount, which is undisputed if defendant is liable at all, and apparently all evidence was produced which could be produced, it is proper upon reversal of a judgment for defendant that judgment be entered in the Appellate Court.

Appeal from the City Court of Sterling; the Hon. CARL E. SHELDON, Judge, presiding. Heard in this court at the April term, 1921. Reversed and judgment here with finding of fact. Opinion filed February 23, 1922.

J. J. LUDENS, for appellant.

WOLFERSPERGER & STAGER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The Runkle Company is a manufacturer of candy in Kenton, Ohio. The Twin City Produce Company does business in and from Sterling, Illinois, through salesmen, whom it sends out to travel certain territory with samples and take orders for goods to be afterwards delivered. On January 23, 1920, a salesman of the Runkle Company called on the Twin City Produce Company in Sterling and got a written order for five items of candy and samples for four salesmen. The samples and the last four items of the order were delivered and paid for. When the first item of the order reached Sterling, the Produce Company refused to receive it. This is a suit by the Runkle Company against the Twin City Produce Company to recover pay for said shipment of candy. The declaration contained the common counts. The plea by defendant was the general issue. A jury was waived. The cause was tried and there was a finding for defendant and a final judgment against the plaintiff. It is not argued that the

court erred in any rulings upon evidence. No propositions of law were presented. The sole question presented to us is whether under the law as applied to the facts proven, plaintiff was entitled to recover.

The officer of defendant who gave the order testified that the salesman of plaintiff promised that the order should be filled immediately. This is denied by the salesman, but the bookkeeper of defendant testified that she heard the conversation, and she testified that the salesman stated that the goods should be shipped at once. The manager of plaintiff, writing from Kenton, Ohio, on January 27, and acknowledging the receipt of this order, said: "Shipment will follow without delay." The court therefore was warranted in finding that the salesman verbally agreed that the shipment should be made immediately. That did not mean that the shipment should be made that day, because the order had to be transmitted by mail to Ohio, but it did mean that the shipment should be made promptly. The goods were designed for use in the Easter season and the proof is that they could not be sold after that season was over.

The order said: "terms are F. O. B. Kenton." The well-established meaning of these words as applied to Kenton, which had one or more railroads, is that the shipper was to deliver the merchandise on board cars at Kenton, Ohio, duly addressed to the consignee. The general rule in this State is that "the delivery of personal property by the seller to a common carrier to be delivered to the purchaser is a delivery to the purchaser, and the title to the property vests in the purchaser immediately upon its delivery to the carrier." *City of Carthage v. Duvall*, 202 Ill. 234; *Maffei v. Ginocchio*, 299 Ill. 254; *Olson v. Wabash Coal Co.*, 126 Ill. App. 253; 36 Cyc. 193 and 316. *Maffei v. Ginocchio, supra*, also holds substantialy that in such case, after delivery of the merchandise at the point of delivery, the risk of subsequent loss falls upon the con-

signee. The railroad at Kenton gave plaintiff a receipt for these goods, properly consigned to defendant, dated February 10, 1920. The railroad books show the goods received by them on February 11. The railroad company actually billed them out on February 16. They did not reach Sterling until March 4 and defendant then refused to receive them. Plaintiff made out a bill against defendant for the goods dated February 10. When that bill was received by defendant is not shown, but under date of February 23 defendant acknowledged the receipt of that bill and told plaintiff that it would like to know where the goods were and that if it had to wait much longer it would not receive them. If delivery to the carrier on February 10 was a failure to comply with the agreement to ship them immediately, and if that authorized defendant to rescind the contract (which we do not decide), still such rescission should have been made known at once, and rescission was not declared until later. We are of opinion that the consignee, upon receiving notice that the goods reached the railroad company on February 10, was required immediately to rescind on that account, if it did do so at all. The real complaint of defendant is not that the goods were not placed in the hands of the carrier in ample time, but that the carrier was guilty of improper delay in failing to get the goods to Sterling. But that delay, after February 10, cannot be charged to plaintiff under the terms of the order. When the goods were delivered to the carrier at Kenton, properly addressed to defendant, the title in the goods passed to defendant, and if there was subsequent injury or delay on the part of the carrier, the responsibility therefor to the defendant does not rest upon the plaintiff, but upon the carrier. We are of opinion that when defendant learned the date when the goods were delivered to the carrier, if it had a right to rescind, that right should have been exercised immediately and was

waived and that the defendant must look to the carrier for redress if the delay in transmitting the goods was unreasonable.

As the case was tried in the court below without a jury and it was proven that defendant owes plaintiff $362.50, and that is not disputed, if defendant is liable at all, and apparently all the evidence has been produced that can be, we think it proper that a judgment should be entered here.

*Reversed and judgment here with finding of fact.*

Finding of fact. The court finds from the evidence that defendant is indebted to plaintiff in the sum of $362.50, and judgment will be entered here in favor of the Runkle Company and against the Twin City Produce Company for that amount and costs.