GEORGE S. THOMPSON, Appellant, *v.* JAMES C. FARGO, Treasurer, etc., Respondent.

Where an agent, pursuant to instructions of his principal, delivers to a common carrier moneys of the principal consigned to and to be transported to him, the consignor, from the time of the delivery, ceases to have any title to or interest therein, and cannot maintain an action against the carrier therefor.

It is immaterial whether the moneys so delivered were the identical moneys of the principal, or whether other moneys were substituted; by the delivery they became the property of the consignee.

The fact that the moneys were the fruits of a fraud perpetrated by the principal through the instrumentality of the agent, although the latter was innocent of the fraud, gives him no title to the moneys which will authorize him to maintain the action.

(Argued December 17, 1875; decided December 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant entered upon the report of a referee.

This action was brought against defendant, as treasurer of the American Express Company, a joint stock company, to recover the amount of a package of United States treasury notes alleged to have been delivered to said company for transportation. The case upon a former appeal is reported in 49 New York, 188.

The facts, as found by the referee, were substantially as follows: That plaintiff having received by mail from John and William White their discharge papers as soldiers in the army of the United States with powers of attorney, and with instructions to collect their back pay, collected the amount from the government agent at Springfield, Illinois, receiving a check therefor. That he inclosed, pursuant to instructions, the amount of the proceeds, less his commissions (the same being in United States compound interest notes and seven-thirty notes), in an envelope directed to " John and William White, care Captain James· K. Martin, Bunton-house, Terre Haute, Ind.," and delivered it to the United States Express

Company, at Springfield, for conveyance and delivery as directed. Said company delivered it to defendant's company at Decatur, Illinois, which company conveyed it to its destination, made diligent search and inquiry for the consignees but were unable to find or hear from them; nor could they find any such person as James K. Martin. The package was, thereupon, sent to defendant's office in New York city. Demand was made by plaintiff upon defendant therefor, but he refused to deliver it.

The referee also found that the names of said John and William White were not upon the rolls of the company or regiment to which they appeared by the discharge papers to have belonged.

Further facts appear in the opinion.

*Edward Van Ness* for the appellant. When the consignee of goods delivered to a common carrier is fraudulent or fictitious, the consignor has the right to the return of the goods for his indemnity. (Dunlap [Paley's] Agency, 370, note *a.*) Defendant cannot dispute plaintiff's title while it retains possession of the property. (*McKay* v. *Draper*, 27 N. Y., 260; *Aubery* v. *Fiske*, 36 id., 48; Dunlap [Paley's] Agency, 10, note.)

*Hamilton Cole* for the respondent.

RAPALLO, J. We do not think that this case, as now presented varies materially from what it was when before us on a former occasion. (45 N. Y., 188). This court then decided that after the plaintiff, who was simply an agent, had, in pursuance of the orders of his principals, sent the money in question to them by a suitable and proper conveyance, his duties and liabilities were discharged; that the money when delivered to the carrier became the property of the consignees, and from that time the plaintiff ceased to have any title to, or interest in it, which would enable him to maintain an action therefor.

The correctness of that decision is not now under review. The effort of the appellant is to show that new facts have been developed upon the second trial which are sufficient to lead to a different conclusion.

The new facts claimed to have been established upon the second trial are, first, that the consignees were fictitious. It is sufficient to say that no such fact is found by the referee; and that, although he was requested to find it, it is not established by such conclusive evidence as to make his refusal error, reviewable as a question of law.

The main evidence relied upon is the absence of the names of John and William White from the muster-roll of the regiment for their pay in which the money in question was collected. This does not of itself prove conclusively that no such persons ever existed. The further facts of the time which has elapsed, and the non-appearance of the consignees to claim the money, notwithstanding the efforts made to find them by advertisements and letters, are equally inconclusive. They are not inconsistent with the theory that they may have absented themselves or died, in which latter case they may have left representatives entitled to the money. The referee was not, therefore, bound, as matter of law, to find that the Whites were fictitious consignees.

But it is claimed, in the second place, that the absence of the names of the Whites from the muster-rolls shows that they could not have been soldiers entitled to the pay which the plaintiff collected for them. In that case a fraud was practiced upon the government of the United States, through the instrumentality, doubtless innocent, of the plaintiff, and the guilty authors of it have failed to come forward and take its fruits. But those circumstances would furnish the plaintiff with no title to the money which would entitle him to maintain an action for it.

I cannot see that the case is varied by the new trial, or that it was material whether the money sent was the identical money received from the government, or other money substituted in place of it. The decision went upon the ground

that by the delivery of the money to the carrier, in pursuance of instructions, it became the property of the consignees, and the consignor ceased to have any interest in it. Carrying out the principle of that decision, the judgment must be affirmed.

All concur; ALLEN, J., not sitting.

Judgment affirmed.