A. NATHAN, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 11, 1909.

COMMON CARRIERS: Lost Goods: Vendor and Purchaser: Ownership: Action: Payment. Where the purchaser refuses to accept the goods bought and reships them to the vendor they are the goods of the latter and the former cannot recover for their loss in shipment. *Held*, further, the payments on account mentioned in evidence are insufficient to change the ownership.

Appeal from Johnson Circuit Court.—*Hon. Nick M. Bradley,* Judge.

REVERSED AND REMANDED (*with directions*).

*R. T. Railey & Son* for appellant.

(1) Prima facie, the consignee is the person entitled to demand and receive the goods of the carrier at the place of destination, and to sue for any breach of the carrier's contract. Cooley on Torts (1 ed.), p. 642; Dicey on Parties to Actions, sec. 350, p. 373; State v. Rosenberger, 111 S. W. 510; Davis v. Railway, 126 Mo. 77; State v. Wingfield, 115 Mo. 437; Kirkpatrick v. Railway, 86 Mo. 347; Harvey v. Railway, 74 Mo. 546; Thompson v. Fargo, 63 N. Y. 479; Thompson v. Fargo, 49 N. Y. 191; Krulder v. Ellison, 47 N. Y. 37; Dyer et al. v. Railway, 51 Minn. 345; s. c., 53 N. W. 714 (Minn.); 2 Redfield on Railways (5 ed.), p. 204; 2 Rorer on Railroads, p. 1330, sec. 5; 4 Elliott on Railroad, sec. 1692, p. 2694; Browne on Carriers, sec. 596. (2) The petition in this case does not attempt to assert any such right of action, nor does it attempt to set out any liability from plaintiff to Weil, Pflaum & Co., but on the contrary, pleads directly the opposite and shows that he complied with his legal duty in respect to the return of the goods, and if there was any right of action, in favor of any one, it belonged to said Chicago firm alone. The plaintiff must stand or fall by his petition and the evidence given thereunder. Grisamore v. Railway, 118 Mo. App. 390; Hamilton v. Railway, 114 Mo. App. 508; Galm v. Railway, 113 Mo. App. 593; Mueller v. Shoe Co., 109 Mo. App. 515; Breeden v. B. C. M. Co., 103 Mo. App. 179; Pryor v. Railway, 85 Mo. App. 378; Beave v. Railway, 111 S. W. 58; Roscoe v. Railway, 202 Mo. 576; McGrath v. Railway, 197 Mo. 105; Yall v. Gillham, 187 Mo. 408; Bagnell T. Co. v. Railway, 180 Mo. 463; Hesselbach v. St. Louis, 179 Mo.

524; Feary v. Railway, 162 Mo. 96; Bartley v. Railway, 148 Mo. 139; Chitty v. Railway, 148 Mo. 74; McCarty v. Hotel Co., 144 Mo. 402; Huston v. Tyler, 140 Mo. 263; M'cManamee v. Railway, 135 Mo. 447; Hite v. Railway, 130 Mo. 136; Waldhier v. Railway, 71 Mo. 518.

*W. C. McDonald* and *S. J. Caudle* for respondent.

(1)   The law presumes that the person in possession of personal property is the owner thereof, and the fact that the goods in question were in the possession of the respondent or his agent at the time they were delivered to appellant at its depot creates a legal presumption that he was the owner of the goods in question. State ex rel. v. Hope, 88 Mo. 430; Davis v. Railway, 126 Mo. 69. (2)   When respondent purchased the goods in question from the company in Chicago and they were delivered to him by said company he became the legal owner thereof regardless of payment. State v. Wingfield, 115 Mo. 428. (3)   All that was necessary for respondent to establish his case and to be entitled to recover damages from the appellant, was to show a delivery of the goods to appellant, and appellant's failure to ship or account for them. Mason v. Railway, 25 Mo. App. 473; Gregory v. Railway, 46 Mo. App. 574; Read v. Railroad, 60 Mo. 199; Davis v. Railway, 89 Mo. 340. (4)   After the delivery of the goods, the burden was on appellant to show shipment of the goods or account for them. Davis v. Railway, 89 Mo. 340; Witting v. Railway, 101 Mo. 631; Milling Co. v. Transit Co., 122 Mo. 258. (5)   Respondent having purchased the goods, received them and having paid the Chicago firm for them he had the right and was the proper party to institute this action. Harvey v. Railroad, 74 Mo. 538; Snider v. Express Co., 77 Mo. 523; Atchison v. Railway, 80 Mo. 213; Wolfe v. Railway, 97 Mo. 473; Davis v. Southeastern Line, 126 Mo. 69; 2 Am. and Eng. Ency. Law (1 ed.), page 902. (6)   All that

was necessary for respondent to allege in his petition was the delivery of the goods in question and appellants failure to ship or account for them. McFadden v. Railway, 92 Mo. 343. (7) Suit by consignor is a bar to an action by consignee. 2 Am. and Eng. Ency. Law (1 ed.), p. 902.

ELLISON, J.—This action is to recover the value of a box of merchandise alleged to have been shipped by plaintiff from Warrensburg, Mo., to Weil, Pflaurn & Co., Chicago, Ill., and lost or destroyed by defendant. The judgment in the trial court was for the plaintiff.

It would perhaps be going too far to say the evidence was sufficient to show that plaintiff ever shipped the box. It was shown that it was sent to defendant's depot on Friday, by a drayman, who took along a written paper from plaintiff with directions where and to whom it was consigned. This writing was illegible and defendant's agent told the drayman to take it back, with the statement that it could not be read. The drayman did so. On the following Monday one of plaintiffs went to the depot when, as he testified, another of defendant's agents informed him that he had shipped the box. The agent, however, testified that he did not ship it; that it could not be found. No receipt or bill of lading was given to plaintiff. It was shown that the box had a mark of the Chicago address upon it, but it is hardly to be supposed that the agent would ship to such address when written directions had been sent which he could not decipher and had returned.

But whatever may be said of the foregoing, it is clear that the evidence in plaintiff's behalf shows he was not the owner of the property. He testified that he had bought goods of Weil, Pflaurn & Co., but these were not what he purchased. He refused to accept them and the shipment he was undertaking to make

was to return them. He stated in terms that at that time the goods were not his, but were the property of Weil, Pflaurn & Co.

It is probable that this statement was thought to be qualified, or made of no consequence, by the further statement, made further on, that he afterwards paid for them. But this, if it could affect the other in any circumstances, could be of no avail here for the reason that what he called an after-payment was merely that unless Weil, Pflaurn & Co. received the goods at Chicago, they would not allow credit for them in the monthly accounts between the parties, these plaintiff's making payments monthly on a general account.

There is, however, no need of a discussion of the case further. When plaintiff refused to accept the goods and reshipped them back to his vendor as he alleges he did and upon which shipment his action is founded, they were the property of the latter (State v. Rosenberger, 212 Mo. 648, 111 S. W. 510; Krulder v. Ellison, 47 N. Y. 37; Thompson v. Fargo, 63 N. Y. 479) and plaintiff cannot recover. The judgment should have been for defendant. It will therefore be reversed and the cause remanded so that it may be so entered by the trial court. All concur.