GREEN CITY AUCTION COMPANY, RESPONDENT, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.—175 S. W. (2d) 165.

Kansas City Court of Appeals.   November 8, 1943.

2

*L. E. Atherton* and *J. A. Lydick* for appellant.

BLAND, J.—This action arose in the justice court by plaintiff filing a formal pleading therein. It is to recover damages for injuries to a shipment of cattle. There was a verdict and judgment in favor of plaintiff in the sum of $216, and defendant has appealed.

The facts show that a carload of cattle, consisting of thirty-five head, was shipped from Oklahoma City, Oklahoma, to Green City, Missouri, on March 15, 1942. The bill of lading or contract of shipment was not introduced in evidence. There is nothing in the record tending to show who was the consignor, but the Green City Auction Company, a partnership composed of Messrs. Abbott, Leas, Cochran and Braden, was the consignee. The initial carrier was the Atchison, Topeka & Santa Fe Railroad, the connecting carrier, the defendant. The cattle were transported over the lines of the Atchison, Topeka & Santa Fe Railroad to Kansas City, where they were delivered to the defendant. The evidence shows that on their arrival in Kansas City one of the animals was dead.

The evidence further shows that, in March, 1942, one Gordon Braden, who is not a party to this suit, was a partner with plaintiffs, Abbott, Leas and Cochran, doing business under the name of the Green City Auction Company. Braden ceased to be a partner, but how and when is not shown. During that month Braden went to Oklahoma City for the purpose of buying cattle. He was accompanied by one J. C. Harrell, a farmer and livestock raiser living in Kirksville.

The evidence shows that Braden purchased the cattle in question and sold them to Harrell in Oklahoma City. The account sales of the commission firm, through whom the cattle were purchased, show that they were sold to Harrell. However, Braden paid for them and Harrell reimbursed the partnership after the shipment arrived in Green City.

Defendant insists that its instruction in the nature of a demurrer to the evidence should have been given, for the reason that the action, as disclosed in the petition, is based on tort for breach of the common-law duty of a common carrier to safely carry and deliver the shipment, and it could only be maintained in the name of the real party in interest, J. C. Harrell, the owner of the livestock.

Defendant's contention must be sustained. [Hutchison on Carriers (3 Ed.), secs. 1304, 1318, 1320; 10 C. J., pp. 346, 352; Nathan v. Railroad, 135 Mo. App. 46; Metals Refg. Co. v. St. L.-S. F. Ry. Co., 234 Mo. App. 991; Secs. 849, 850 and 851, R. S. Mo. 1939.]

There are other errors assigned which, if meritorious would result only in the judgment being reversed and the cause remanded. However, as plaintiff can, in no event, recover in this suit, the judgment should be reversed, and it is so ordered. All concur.